IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2023

**CRYSTAL GREGOIRE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lawrence County**
**No. 37278, 33670    Russell Parkes, Judge**

_____

**No. M2023-00715-CCA-R3-PC**
_____

The petitioner, Crystal Gregoire, appeals from the Circuit Court of Lawrence County's dismissal of her petition for post-conviction relief. Following review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

James Bennett Bush, Summertown, Tennessee, for the appellant, Crystal Lee Gregoire.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Brent Cooper, District Attorney General; and Christi Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On April 21, 2017, the petitioner pled guilty to one count of tampering with evidence and was convicted by a jury of one count of first-degree murder for which she received an effective sentence of life imprisonment. The petitioner appealed her murder conviction, and on February 25, 2019, this Court affirmed that conviction. *See State v. Gregoire*, No. M2017-01562-CCA-R3-CD, 2019 WL 931829 (Tenn. Crim. App., Feb. 25, 2019). On March 13, 2020, more than one year after the petitioner's conviction became final, our supreme court's initial Order relative to the COVID-19 lockdowns was entered. In May of 2020, the Debra K. Johnson Rehabilitation Center ("the Rehabilitation Center") , where

the petitioner was incarcerated, was placed into a series of lockdowns and quarantines due to the COVID-19 pandemic.

On September 12, 2022, the petitioner filed a pro se "Petition for Relief from Conviction or Sentence," alleging ineffective assistance of counsel and that the "trial court erred in convicting her." After the appointment of counsel, a hearing was held on April 11, 2023, to determine whether the petition was timely. At the hearing, the petitioner testified that her appellate counsel failed to inform her of this Court's decision affirming her conviction or that an appeal had ever been filed. The petitioner maintains that she did not know during the one-year period following this Court's decision what were the next steps in the appellate process or that she would need to pursue them herself. According to the petitioner, it was not until September 7, 2022, the date her petition was notarized, that she understood that there was a time limit and that her petition was untimely.

However, the petitioner also testified that she was on notice prior to the COVID-19 lockdowns that she would need to file a petition for post-conviction relief and that a statute of limitations existed. The petitioner testified on direct examination that after "not hearing anything" from her appellate counsel, she went to the law library "asking questions." The petitioner stated she was told, "[y]ou have a timely manner to file this, you need –if you're not hearing nothing back, you need to be doing this yourself." It appears that this conversation occurred with Erica East, a fellow inmate seemingly serving as an ad hoc legal clerk in the law library at the Rehabilitation Center. [1] The petitioner did not identify a specific date when this conversation occurred, but stated it was "right about this time is when everything just ended," implying that it occurred prior to or near the beginning of the COVID-19 lockdowns at the Rehabilitation Center. The petitioner later testified on cross-examination that it was "before COVID happened, I had put in for [legal assistance]." According to the petitioner, she did not receive assistance from Ms. East until approximately a year later, because it was difficult to get an appointment due to Ms. East's being overwhelmed by other inmates needing her services.

Additionally, the petitioner testified that her failure to file her petition timely was due to the lack of access to the law library during the COVID-19 pandemic. Anisha Johnson-Gales, an employee with the Tennessee Department of Correction, testified at the hearing as to the conditions within the Rehabilitation Center during that time. Ms. Johnson-Gales testified "things got bad maybe six months within 2020." Ms. Johnson-Gales described that "there was no movement" between the inmate pods and other buildings such as the law library around May 2020.

---

[1] It is unclear from the record if the petitioner attempted to seek assistance from Ms. East or access the law library prior to February 25, 2020, when the one-year statute of limitations expired.

- 2 -

On April 18, 2023, the post-conviction court dismissed the instant petition finding that the petition was untimely and that the petitioner failed to establish she was entitled to a tolling of the limitations period. Specifically, the post-conviction court found the petitioner failed to demonstrate how she was prohibited from using the law library, accessing the law library materials, or otherwise "pursuing her rights diligently during the one year following the entry of the Court of [Criminal] Appeals opinion." The court concluded that the lockdowns at the Rehabilitation Center did occur periodically sometime after May 2020. The post-conviction court made clear that it had reviewed the petition and found that the petitioner's testimony relative to the reasons set forth for due process tolling were not credible. The court rejected the petitioner's testimony and dismissed her petition as untimely. This timely appeal followed.

### *Analysis*

The petitioner contends that the post-conviction court erred in finding she was not entitled to due process tolling of the statute of limitations under the Post-Conviction Procedure Act ("the Act"). She claims that she is entitled to a tolling of the one-year limitations period because the barriers to her filing timely were beyond her control. The State refutes the petitioner's argument contending that the post-conviction court did not err in determining that the petitioner was not entitled to due process tolling. After a review of the record, we agree with the State and affirm the post-conviction court.

The Act provides relief "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court to which an appeal is taken" in which to file a petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(a).. "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* An untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id.*

Here, it is uncontroverted that the petitioner's request for relief was not filed within the one-year limitations period. The petitioner had one year from February 25, 2019, the date this Court issued its opinion affirming the petitioner's convictions, to file her request for post-conviction relief. Rather, the petitioner did not file the instant petition until September 12, 2022, over two years after the expiration of the statute of limitations. While acknowledging that she was aware her petition was untimely at the time of filing, the petitioner claims the statute should be tolled because of measures taken by the facility during the COVID-19 pandemic.

- 3 -

While the Act provides for a limited, delineated set of statutory exemptions, none of which are argued or are applicable here, there are instances where due process concerns may still require the one-year statute of limitations to be tolled. *See Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013)). "In every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011) (emphasis in original).

The Tennessee Supreme Court has enumerated three situations in which due process tolls the statute of limitations and allows for the consideration of an untimely post-conviction petition. To qualify, a petitioner's circumstances must involve (1) claims for relief that arise after the statute of limitations has expired, (2) mental incompetence preventing a petitioner from complying with statutory deadlines, or (3) attorney misconduct. *See Williams*, 44 S.W.3d at 470-71; *Seals v. State*, 23 S.W.3d 272, 277-80 (Tenn. 2000). Thus, in order to succeed, a petitioner must provide sufficient facts which prove one of these limited circumstances affected the filing of his post-conviction petition. *Williams v. State*, No. W2011-00202-CCA-R3-PC, 2011 WL 2410364, at *1-2 (Tenn. Crim. App. June 9, 2011), *perm. app. denied*, (Tenn. Oct. 18, 2011). Absent sufficient facts establishing a petitioner is entitled to due process tolling, an untimely petition must be dismissed. *Id.*

The standard of review for due process tolling is a mixed question of fact and law, and, therefore, subject to *de novo* review. *See Whitehead*, 402 S.W.3d at 621. Despite reviewing the post-conviction court's decision *de novo*, we are bound by the post-conviction court's factual findings unless the evidence preponderates to the contrary. *Id.*

In the case at bar, the post-conviction court recognized that it was "clear from the record" that this Court issued its opinion affirming the petitioner's conviction on February 25, 2019, meaning the petitioner had until February 25, 2020, to timely file her post-conviction petition. The post-conviction court noted that it was not until March 13, 2020, nearly a month after the statute of limitations period had expired, that our supreme court issued its initial Order relating to COVID-19 lockdowns. The court also found that the petitioner presented no evidence that she had been "diligently pursuing her rights" during the one year following the entry of this Court's opinion. Further, the post-conviction court found any other allegation made by the petitioner, such as counsel's not advising her of

this Court's opinion affirming her conviction and the general lack of access to the legal materials, not credible as to the causes of her failing to timely file the petition.

As we are bound by the post-conviction court's factual determinations and because the petitioner has failed to allege any facts to demonstrate how circumstances "beyond her control" led to her failure to file her petition within the statute of limitations under Tenn. Code Ann. § 40-30-102(a), we conclude that the instant "Petition for Relief from Conviction or Sentence" is in violation of the statute of limitations and was properly dismissed by the post-conviction court.

## *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

_____
J. ROSS DYER, JUDGE